IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| WILLIAM J. PAATALO, | CV-13-128-BLG-SEH-CSO |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| FIRST AMERICAN TITLE COMPANY OF MONTANA, INC., *et al.* | |
| Defendants. | |

I. <u>INTRODUCTION</u>

This action concerns transactions involving a home loan. Six motions are pending. This Order addresses two motions: (1) motion to file a separate "Statement of Undisputed Facts" *(ECF 41)*, and (2) motion to amend the caption *(ECF 43)*.[1] Both motions will be granted for the reasons set forth below.

On December 3, 2013, Stillwater Abstract Company, d/b/a Stillwater Abstract & Title Co., Inc. ("Stillwater") and Shelly Noe ("Noe") filed a Motion for Summary Judgment *(ECF 27)* and Brief in

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.*

-1-

Support *(ECF 29)*. The brief contains a narrative of undisputed facts supporting the motion, but Stillwater and Noe did not file a separate statement of undisputed facts ("SUF") as required by Local Rule 56.1(a)(3).

On January 6, 2014, Stillwater and Noe filed a motion to file their SUF as a separate document to comply with Local Rule 56.1. *ECF 41*. Stillwater has also filed a motion to amend the caption to reflect its correct legal name. *ECF 43*. Paatalo objects to both motions.

## II.  MOTION TO FILE STATEMENT OF UNDISPUTED FACTS

### A.  Parties' Arguments

Defendants argue that the relief they seek is authorized by Rule 56(e)(1)[2] and the Court's inherent authority to correct the form of pleadings. *Defts' Br. in Support (ECF 42) at 2*. Defendants further argue that this relief will not prejudice Paatalo because the SUF they seek to file, attached to their brief at *ECF 42-1*, is substantively identical to the facts set forth in their summary judgment brief. *Id.*

Paatalo has filed a single brief opposing both this motion and Stillwater's motion to amend the caption. As to the motion to file a

---

[2]Reference to the Rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

separate SUF, Paatalo argues that the motion should be denied because Stillwater and Noe failed to seek leave of Court "per MRCP 15(a)(2)" prior to filing its motion, and because Stillwater is a "stranger" to this action with no authority to file the motion. *Pltf's Br. (ECF 47) at 2-3, 9-10.*

B. <u>Discussion</u>

Local Rule 56.1(a) provides that a party filing a motion for summary judgment must also file a Statement of Undisputed Facts separately from the motion and brief. *L.R. 56.1(a)(1)-(3).* Stillwater and Noe did not initially comply with this rule. But they represent – and the Court has confirmed – that the proposed SUF is identical in substance to the section of their brief titled "UNDISPUTED FACTS", except that the SUF has been serially numbered and a citation to the Court's electronic record has been added.

A district court's "local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Rule 83(a)(2). There is no indication that Defendants' failure to file a separate SUF was willful. The Court can discern no delay or prejudice that will result from granting this motion. Defendants' requested relief is appropriate.

### III. MOTION TO AMEND CAPTION

#### A. Parties' Arguments

Stillwater has filed a separate motion to correct its legal name in this litigation and amend the caption accordingly. *ECF 43.* Stillwater argues that a motion to correct a misnomer of a party should be freely granted under Rule 15(a). Stillwater also argues that its motion should be granted to ensure "that any judgment entered in this action correctly identifies the partes and precludes multiple suits and misunderstandings regarding the identity of parties." *ECF 44 at 3.*

In response, Paatalo argues that Stillwater intentionally failed to timely file a corporate disclosure statement pursuant to Rule 7.1, and should therefore be prohibited from now changing its name. *Pltf's Br. (ECF 47) at 4, 9.* Paatalo also argues that Stillwater should not be allowed to change its identity to a company that did not exist prior to the filing of the Amended Complaint. *Id. at 7.*

#### B. Discussion

Stillwater's motion seeks to clarify that its correct legal name is "Stillwater Abstract Company, d/b/a Stillwater Abstract & Title Co., Inc." rather than "Stillwater Abstract & Title" as pled in Paatalo's

Amended Complaint.[3] Stillwater does not otherwise dispute that it is, in fact, the entity named in the Amended Complaint as "Stillwater Abstract & Title" and the entity named as the Trustee on Paatalo's Deed of Trust. *See ECF 49 at 2-3, FN 2*.

This type of misnomer may be corrected by an amendment pursuant to Rule 15. *See F.R. Civ. P. 15(c)(3), Advisory Committee Notes 1991 Amendment* ("An intended defendant who is notified of an action within the period allowed ... for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name.... [A] complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification").

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." This Court has recognized that "there is a difference between correcting a misnomer and changing a party" and has found that a mere misnomer may be corrected under the amendment power expressed in Rule 15. *Wentz v. Alberto Culver Co.*,

---

[3]The affidavit of Shelly Noe, with attached records from the Montana Secretary of State confirm that Stillwater's correct legal name is "Stillwater Abstract Company d/b/a Stillwater Abstract & Title Co., Inc." *See Noe Affidavit (ECF 29-1) at 2-3; ECF 29-1 at 18-20.*

294 F. Supp. 1327, 1328 (D. Mont. 1969) (construing 1966 version of Rule 15); *see also Mitchell v. CFC Fin. LLC*, 230 F.R.D. 548, 550 (E.D. Wis. 2005) ("Courts consistently allow relation back when plaintiffs make mistakes of this type [i.e. misstating the name of a corporation] because the correct defendant is already before the court, is aware that it is being sued, and will suffer no prejudice from the amendment"). Along these lines, the Fourth Circuit has observed:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant ... it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.... As a general rule the misnomer of a corporation in a notice, summons ... or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.

*Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) (quotation omitted) (alterations in original).

Here, Paatalo successfully effectuated service on Stillwater, and Stillwater has appeared and answered the Amended Complaint. Stillwater, from its first appearance in the case, has consistently indicated that its correct legal name is "Stillwater Abstract Company, d/b/a Stillwater Abstract & Title Co., Inc." *See Stillwater's Answer*

*(ECF 5)*. Correcting Stillwater's name and amending the caption accordingly will have no adverse effect on Paatalo and will not delay this litigation. The Court will grant Stillwater's motion.

## IV. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. Stillwater's and Noe's Motion to File Statement of Undisputed Facts as a Separate Document *(ECF 41)* is GRANTED. Stillwater and Noe must file their Statement of Undisputed Facts on or before March 12, 2014.

2. Stillwater's Motion to Amend Caption *(ECF 43)* is GRANTED. The Caption is hereby AMENDED to reflect Stillwater's correct name as "Stillwater Abstract Company, d/b/a Stillwater Abstract & Title Co., Inc."

DATED this 5th day of March, 2014.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge