**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| WILLIAM J. PAATALO, | CV-13-128-BLG-SEH-CSO |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| FIRST AMERICAN TITLE COMPANY OF MONTANA, INC., *et. al.*, | |
| Defendants. | |

## I.   INTRODUCTION

This case arises out of transactions involving a home loan.

Plaintiff William J. Paatalo ("Paatalo") claims that Defendants

improperly executed a non-judicial foreclosure of the deed of trust

encumbering his property in Nye, Montana.  *See Cmplt (ECF 1-1)[1]*.  The

Court addresses herein the following pending motions:

1.   J.P. Morgan Chase Bank, N.A. ("Chase") and U.S. Bank,
     N.A.'s, ("U.S. Bank") as Trustee for WaMu Mortgage Pass-
     Through Certificate Series 2007-OA3 Trust ("2007-OA3
     Trust"), Motion to Dismiss *(ECF 10)*;

---

[1]"ECF" refers to the document as numbered in the Court's
Electronic Case Files.  *See The Bluebook, A Uniform System of Citation,
§ 10.8.3.*

2. First American Title Company of Montana, Inc. ("First American") and Dalia Martinez's ("Martinez") Motion to Dismiss *(ECF 13)*;

3. Paatalo's Motion for Partial Summary Judgment and Declaratory Relief *(ECF 17)*; and

4. Stillwater Abstract Company d/b/a Stillwater Abstract & Title Co. Inc. ("Stillwater") and Shelly Noe's ("Noe") Motion for Summary Judgment *(ECF 27)*.

The Court does not address the motion to dismiss filed in state court by Defendants Mackoff Kellogg Law Firm – Charles J. Peterson ("Mackoff Kellogg") and Jason J. Henderson ("Henderson") (*see ECF 6-3),* because this motion was "automatically terminated upon removal." *See L.R. 3.3(a)*. This motion may be refiled in this federal action. *Id.*

Having considered the parties' submissions, the Court makes the following Findings and Recommendations.

## II. <u>BACKGROUND</u>

The following facts are taken from the Verified Amended Complaint *(ECF 1-1)* and attachments thereto, and from the Court's record in *Paatalo v. J.P. Morgan Chase Bank, et. al.*, CV 10-119-BLG-CSO (*"Paatalo I"*). These facts are undisputed except where otherwise indicated.

On January 30, 2007, Paatalo purchased residential property in Nye, Montana. *ECF 1-1 at 4; June 28, 2013 Order in Paatalo I (ECF 11-2) at 2.* To finance his purchase, he borrowed $294,000 from Washington Mutual Bank FA, and executed an Adjustable Rate Note ("Note") and a Deed of Trust. *Id.* Washington Mutual Bank, FA, was the original lender and beneficiary of the Deed of Trust, and Stillwater, referred to on the document as "Stillwater Abstract & Title," was the original Trustee. *Deed of Trust (Paatalo I – ECF 188-6).*

Washington Mutual sold Paatalo's mortgage loan to WAMU Asset Acceptance Corporation on May 27, 2007, pursuant to a Mortgage Loan Purchase and Sale Agreement and Term Sheet between the companies. *ECF 11-2 at 4; Mortgage Loan Purchase and Sale Agreement (Paatalo I – ECF 188-8).* WaMu then deposited the mortgage loan into the 2007-OA3 Trust, pursuant to a Pooling & Servicing Agreement. *ECF 11-2 at 4-5; Pooling and Servicing Agreement (Paatalo I, ECF 188-10).* The 2007-OA3 Trust then owned Paatalo's Note. LaSalle Bank National Association was the initial Trustee of the 2007-OA3 Trust, succeeded by Bank of America in October 2009. *ECF 11-2 at 5.* U.S. Bank succeeded Bank of America as Trustee of the 2007-OA3 Trust in January 2011,

and has served as Trustee ever since. *See Letter U.S. Bank to Chase (Paatalo I – ECF 188-13).*

On September 25, 2008, the United States Office of Thrift Supervision seized Washington Mutual Bank and placed it into an FDIC receivership. *ECF 11-2 at 5.* Chase then purchased the assets of the failed Washington Mutual Bank from the FDIC. *Id.* Chase took possession of Washington Mutual's mortgage files, including Paatalo's original Deed of Trust. *Id.*

Paatalo missed several mortgage payments in late 2008 and early 2009. *Id.* He again stopped making payments in September 2009. On January 21, 2010, Chase filed an Assignment of Trust Indenture assigning the Deed of Trust from Chase to LaSalle Bank, as Trustee for the 2007-OA3 Trust. *Paatalo I – ECF 188-17.* LaSalle Bank filed a Substitution of Trustee, substituting Charles Peterson, of the Mackoff Kellogg Law Firm, as Successor Trustee to Paatalo's Deed of Trust. *Paatalo I – ECF 188-18.* On January 21, 2010, Charles Peterson recorded a Notice of Trustee's Sale, setting a sale date of June 1, 2010, but later cancelled the sale on April 21, 2010. *Paatalo I – ECF 188-20; ECF 11-2 at 6.*

On October 6, 2010, Paatalo filed his Complaint in *Paatalo I*. *See Paatalo I Cmplt (ECF 11-1)*. He asserted 14 causes of action against Chase, Bank of America, LPS Field Services, Inc. and Lender Processing Services, Inc. (the "LPS Defendants"), and the Mackoff Kellogg Law Firm "as successor trustee to the 2007-OA3 Trust." *Id.* Paatalo sought to enjoin those defendants from further attempts to foreclose on his property, an order quieting title in the property in his name, and an award of money damages. *Id. at 33-34*.

Paatalo settled with the LPS Defendants, who were dismissed on December 1, 2011, and with Mackoff Kellogg, who was dismissed on March 20, 2012. *See Paatalo I – ECF 112, 126*. The Court then considered Paatalo's claims against the remaining defendants on motions for summary judgment. Recognizing that "[t]he fundamental premise of most of Paatalo's claims is his contention that Defendants had no legal right to initiate a non-judicial foreclosure[,]" *ECF 11-2 at 12*, the Court found "no genuine issue of material fact with respect to Chase's authority to enforce the Note and Deed of Trust at issue[,]" and granted summary judgment in favor of Chase and Bank of America on all claims. *Id. at 19*.

Paatalo moved for summary judgment on his quiet title claim. He argued that his settlement with Mackoff Kellogg bound Chase and Bank of America as Trustee of the 2007-OA3 Trust, and therefore the remaining defendants could no longer claim an interest in his property or continue with their foreclosure efforts. The Court rejected Paatalo's argument, noting that it was apparently "based on Paatalo's mistaken identification of Mackoff Kellogg as trustee for the [2007-OA3] Trust as opposed to Paatalo's Deed of Trust." *Id. at 31-32*. The Court instead found that the settlement agreement did not bind Chase or Bank of America as Trustee for the 2007-OA3 Trust, and granted summary judgment in favor of Chase on Paatalo's quiet title claim. *Id*. The Clerk of Court entered Judgment in favor of Chase and Bank of America on June 28, 2012. *Paatalo I – ECF 216*.

On November 7, 2012, U.S. Bank, as Trustee for the 2007-OA3 Trust, filed a Substitution of Trustee, designating First American as Successor Trustee for Paatalo's Deed of Trust. *ECF 1-1 at 79*. That same day, Chase recorded a Montana Assignment of Deed of Trust, assigning Paatalo's Deed of Trust to U.S. Bank, as Trustee to the 2007-OA3 Trust. *ECF 1-1 at 81*. At this point in time, U.S. Bank, as Trustee

for the 2007-OA3 Trust, held Paatalo's Note and the beneficial interest in Paatalo's Deed of Trust, with First American serving as Trustee.

On February 11, 2013, First American recorded a Notice of Trustee's Sale, setting the sale date for June 19, 2013. *ECF 1-1 at 90.* The sale commenced as scheduled, and the property was sold to U.S. Bank, the highest bidder. On July 3, 2013, First American recorded a Trustee's Deed granting the property to U.S. Bank. *See ECF 19-2.*

On July 24, 2013, Paatalo initiated a state court action, which Defendants later removed to this Court. The Amended Complaint now pending here seeks relief in the form of compensatory damages, cancellation of the Deed of Trust and Trustee's Deed, an order declaring him the lawful owner of the subject property, and punitive damages. *Id. at 27.* His specific claims for relief include:

1. Claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Violation of the Fair Debt Collection Practices Act ("FDCPA") against Defendants First American, Mackoff Kellogg, Chase, Henderson, the 2007-OA3 Trust, Martinez, Stillwater, Noe, and U.S. Bank. *See ECF 1-1.*

2. Claims for Actual Fraud, Constructive Fraud, and Negligent Misrepresentation against Henderson, Mackoff Kellogg, Stillwater, Noe, and the 2007-OA3 Trust. *Id.*

3.   A claim for Libel against First American, Stillwater, Noe, Martinez, the 2007-OA3 Trust, and a Shannon Sharp.[2] *Id. at 23-25*.

4.   A claim for Trespassing against Shannon Sharp. *Id. at 26.*

## III.   **CHASE AND U.S. BANK'S MOTION TO DISMISS**

### A.   **Parties' Arguments**

Defendants Chase and U.S. Bank argue that all of Paatalo's claims against them are barred by the doctrine of res judicata. Defendants argue: (1) issue preclusion bars Paatalo's claims premised upon Paatalo's theory that his settlement with Mackoff Kellogg is binding on Chase or the 2007-OA3 Trust, *ECF 11 at 16*; (2) issue preclusion and claim preclusion bar Paatalo's challenges to the validity and enforceability of the Note and Deed of Trust, *id. at 17-21*; and (3) even if Stillwater lacked authority to act as Trustee of Paatalo's Deed of Trust, as alleged in the Amended Complaint, an unauthorized trustee does not void a deed of trust, *id. at 21-23*.

In response, Paatalo argues that res judicata does not bar his claims because he did not have a full and fair opportunity to litigate

_____

[2]Shannon Sharp is included as a defendant in the body of Paatalo's Amended Complaint, but she is not mentioned in the caption, and there is no evidence that she has been served.

these claims in the prior action.  *ECF 33 at 5.*  To support this

statement, Paatalo alleges that an affidavit provided by Noe in *Paatalo

I* contained false statements regarding Stillwater's legal name.  Paatalo

argues that Stillwater is a different company from the initial Trustee

"Stillwater Abstract & Title" as named on the Deed of Trust, and that

Noe's statements to the contrary deprived him of an adequate

opportunity to litigate.  *Id. at 4-6.*  Paatalo also argues that the plain

language of the settlement agreement with Mackoff Kellogg binds

Chase and the 2007-OA3 Trust because it "preceded the adjudication of

the remaining claims against Chase and [Bank of America] in *Paatalo

I.*"  *Id. at 6.*  Finally, Paatalo requests leave to amend his complaint

should the Court find he has not satisfactorily pled a cause of action

against Chase and U.S. Bank.  *Id. at 7.*

   B.   <u>Legal Standard</u>

   A cause of action may be dismissed under Rule 12(b)(6) either

when it asserts a legal theory that is not cognizable as a matter of law,

or if it fails to allege sufficient facts to support an otherwise cognizable

legal claim.  *SmileCare Dental Group v. Delta Dental Plan of

California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  In addressing a Rule

12(b)(6) challenge, the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). The Court is not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2) which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting Rule 8). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*.

As a general rule "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The Court may, however, consider "material which is properly submitted as part of the complaint[,]" or take judicial notice of "matters of public record" without converting a motion to dismiss to a motion for summary judgment. *Id*., 250 F.3d at 688–89. Specifically, the Court may take judicial notice of other court proceedings. *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988); *see also Burbank– Glendale– Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (allowing judicial notice of pleadings in other cases).

## C. <u>Discussion</u>

The Court finds that Paatalo's claims against Chase, U.S. Bank, and the 2007-OA3 Trust must be dismissed because the key issues underlying these claims have been previously and adequately litigated by the parties and decided by this Court in *Paatalo I*. "Under the doctrine of res judicata, '[a] final judgment on the merits of an action

precludes the parties or their privies from relitigating issues that were or could have been raised in that action' even if that judgment 'may have been wrong or rested on a legal principle subsequently overruled in another case.'" *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).[3]

Res judicata encompasses the doctrines of issue preclusion and claim preclusion. Issue preclusion bars the relitigation of issues of law and issues of fact actually adjudicated in previous litigation between the same parties. *Washington Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). "[A] party is precluded from relitigating an issue if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010). If these four elements are met, the

---

[3]Because the relevant underlying judgment is a federal court decision, the Court applies federal preclusion rules. *See Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir.1996).

factual or legal issue is precluded, even if it is presented under the guise of a new legal theory or on the basis of new evidence. *Adam Bros. Farming, Inc. v. Co. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010); *see also Paulo*, 669 F.3d at 918 ("If a party could avoid issue preclusion by finding some argument it failed to raise in the previous litigation, the bar on successive litigation would be seriously undermined").

## 1. Breach of Contract and Breach of Implied Covenant

Paatalo's claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing against both Chase and the 2007-OA3 Trust are fundamentally premised on the notion that the Mackoff Kellogg settlement is binding on these Defendants. This issue was resolved by the Court in *Paatalo I*. In its summary judgment order, the Court found that "there is no basis set forth by which the acts of Mackoff Kellogg bind Chase or BANA [then-trustee of the 2007-OA3 Trust], in the absence of actual or obstensible authority." *ECF 11-2 at 31-32*. The Court also considered and rejected Paatalo's argument that the 2007-OA3 Trust did not have a valid claim to the property, stating that this argument "apparently is based on Paatalo's mistaken

identification of Mackoff Kellogg as trustee for the [2007-OA3] Trust as opposed to Paatalo's Deed of Trust." *Id. at 32.* The Court concluded that "[t]he settlement with Mackoff Kellogg does not entitle Paatalo to a judgment quieting title in his favor." *Id.*

All four elements of issue preclusion apply to preclude Paatalo from bringing these two claims against these Defendants. Paatalo was the plaintiff in *Paatalo I*, had a full and fair opportunity to litigate whether the Mackoff Kellogg settlement bound Chase or the 2007-OA3 Trust, and did so in response to Chase's motion for summary judgment. The Court decided this issue against Paatalo, and judgment was subsequently entered against him after all of his claims were dismissed. Issue preclusion bars Paatalo's claims for Breach of Contract and Breach of the Implied Covenant.

## 2.    **Libel and Violation of the FDCPA**

Paatalo's FDCPA claim against Chase, U.S. Bank, and the 2007-OA3 Trust and his claim for Libel against the 2007-OA3 Trust are based on the notion that Paatalo's Note and Deed of Trust are either invalid or unenforceable. For example, Paatalo's FDCPA claim alleges, in its entirety, that the Defendants "violated the FDCPA by attempting

to collect a debt that Plaintiff did not owe." *ECF 1-1 at ¶ 114.* His

Libel claim against the 2007-OA3 Trust is similarly based on his

allegation that the debt has been resolved – it alleges that the Notice of

Trustee's Sale contained false statements "because Plaintiff did not owe

any money to Defendant [2007-OA3 Trust] because of the terms of the

Settlement Contract with [the 2007-OA3 Trust]." *Id. at ¶ 107.*

The issue of the enforceability of the Note and Deed of Trust was

resolved in *Paatalo I.* Recognizing that the "fundamental premise of

most of Paatalo's claims is his contention that Defendants had no legal

right to initiate a non-judicial foreclosure[,]" the Court in *Paatalo I*

found both the Note and Deed of Trust enforceable. *ECF 11-2 at 12, 19.*

In reaching this finding, the Court considered and rejected Paatalo's

numerous challenges to the Note's enforceability, including: (1) the

validity of Paatalo's signature, (2) the split ownership of the Note and

Deed of Trust, and (3) the validity of the various assignments, purchase

agreements, and pooling or servicing agreements (finding that Paatalo

lacked standing to challenge these transactions). *Id. at 15-19.*

Because the Court previously determined that Paatalo's debt was

due and owing, and that Chase retained the authority to enforce the

Note and Deed of Trust, Paatalo's claims in the present action for violation of the FDCPA and for Libel are precluded. Paatalo's Libel claim also fails to the extent it is predicated upon the binding nature of the Mackoff Kellogg settlement. As demonstrated above, all four elements of issue preclusion apply and preclude these claims.

### 3. Fraud, Constructive Fraud, Negligent Misrepresentation

Paatalo's claims for Actual Fraud, Constructive Fraud, and Negligent Misrepresentation against the 2007-OA3 Trust are based on the allegation that Mackoff Kellogg misrepresented its ability to bind the 2007-OA3 Trust to the settlement agreement with Paatalo. *See ECF 1-1 at ¶¶ 73, 88, 97.* These claims are essentially pled in the alternative to his claims for breach of contract, as Mackoff Kellogg either had the authority to bind the 2007-OA3 Trust, or misrepresented its authority to do so.

Although Paatalo did not raise these legal theories in *Paatalo I*, the Court finds that they are also precluded by res judicata. Res judicata includes the doctrine of claim preclusion, which "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan,*

*Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

Claim preclusion applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens*, 244 F.3d at 713. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* at 714 (internal quotation marks omitted).

The Court concludes that Paatalo's claims for Actual Fraud, Constructive Fraud, and Negligent Misrepresentation are barred by claim preclusion. Paatalo and the 2007-OA3 Trust were both involved in *Paatalo I*, and each litigated in that action numerous issues associated with the Mackoff Kellogg settlement. The Court resolved these issues and issued a final judgment on the merits. In so doing, the

Court addressed and resolved the issue of Mackoff Kellogg's ability to bind the 2007-OA3 Trust, and found that the Paatalo's settlement with Mackoff Kellogg "d[id] not entitle Paatalo to a judgment quieting title in his favor." *ECF 1-2 at 32.*

Paatalo's claims for fraud and misrepresentation against the 2007-OA3 Trust arise from the same transactional nucleus of facts as his claims in *Paatalo I*, and are simply new legal theories that could have been raised in the prior action. They are therefore precluded.

All claims pled against Chase, U.S. Bank, and the 2007-OA3 Trust are barred by res judicata, and should be dismissed for failure to state a claim upon which relief may be granted.

## IV. FIRST AMERICAN AND MARTINEZ'S MOTION TO DISMISS

First American and Martinez have filed a motion to dismiss all claims pled against them. They argue that all of Paatalo's claims against them are premised upon either the invalidity of the Deed of Trust or the binding nature of the Mackoff Kellogg settlement agreement. *ECF 14 at 6-8.* Because the Court conclusively resolved these issues in *Paatalo I*, they argue, issue preclusion bars Paatalo from asserting them in this litigation. For the reasons stated in *Section*

*III, supra*, the Court agrees.

Moreover, Paatalo has not filed a response brief opposing First American and Martinez's motion, and the deadline for doing so has passed. *See L.R. 7.1(d)(1)(B)* ("Responses to motions to dismiss ... must be filed within twenty-one (21) days after the motion was filed"). When a party opposing a motion fails to file a response, the Court has the discretion to deem the failure "an admission that the motion is well-taken." *L.R. 7.1(d)(1)(B).*

Before recommending that these Defendants' motion to dismiss be granted on this basis, the Court must consider five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

After consideration of the *Henderson* factors, the Court concludes that dismissal of claims against First American and Martinez is appropriate. The first factor weighs strongly in favor of dismissal. At

this juncture in the proceedings, dismissal will promote the public's interest in expeditious resolution of litigation.

The second factor also weighs strongly in favor of dismissal. Paatalo's failure to respond to these Defendants' motions undermines the Court's ability to expedite resolution of the action. *See Saba v. Caplan,* 2010 WL 4235473 (N.C. Cal. 2010) (motion to dismiss granted where plaintiff failed to respond).

The third factor weighs in favor of dismissal. None of the Defendants will suffer prejudice by the dismissal of Paatalo's claims against First American and Martinez.

The fourth factor generally weighs against dismissal. This policy lends little support, however, to those parties responsible for moving a case forward but whose conduct impedes progress in that direction. In *Metcalf v. Select Portfolio Servicing, Inc.,* 2011 WL 1768755 (S.D. Cal. 2011), the court noted that "[a] case cannot move toward resolution on the merits when Plaintiff fails to defend his case against a Rule 12(b)(6) and (e) motion." The Court is not required, as it would be in granting a motion for summary judgment under these circumstances, to consider the sufficiency of Defendants' motions to dismiss. *See Ghazali*, 46 F.3d

at 54; *see also Henry v. Gill. Ind., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993).

Finally, as to the fifth factor, it is possible that the Court could adopt less drastic sanctions by, *sua sponte*, ordering Paatalo to file a response to the motions. But the Court finds this unnecessary for the following reasons.

First, the other factors weigh strongly in favor of dismissal. Second, Paatalo brought this action. Although the Court must afford *pro se* pleadings liberal construction, *pro se* litigants are nevertheless "bound by the rules of procedure" the same as other litigants. *Ghazali*, 46 F.3d at 54. By bringing this action, Paatalo has assumed an affirmative responsibility to participate in the proceedings in accordance with the rules. A failure to do so imposes a strain on judicial resources and, more significantly, works unfair prejudice upon Defendants compelled to appear to defend themselves.[4] The Court concludes that the fifth *Henderson* factor weighs in favor of dismissal.

--------

[4] In November 2013, Paatalo voluntarily sought to dismiss First American and Martinez. *See ECF 22.* Although the motion was denied *(ECF 23)*, perhaps this earlier motion explains Paatalo's failure to respond to First American and Martinez's motion to dismiss.

In light of the *Henderson* factors, Defendants' motion may properly be granted based on Paatalo's failure to oppose it. For this reason, coupled with the Court's finding that all claims against these Defendants are properly barred by issue preclusion, First American and Martinez's motion to dismiss should be granted.

## V. STILLWATER AND NOE'S MOTIONS FOR SUMMARY JUDGMENT

### A. Parties' Arguments

Stillwater and Noe move for summary judgment on all claims against them. They first argue that all claims against them are barred by issue preclusion, and incorporate and adopt Chase and U.S. Bank's res judicata arguments and authorities. *ECF 29 at 10.* Looking beyond issue preclusion, these Defendants argue that the breach of contract and breach of the implied covenant claims fail as a matter of law because it is undisputed that neither Stillwater nor Noe were parties to the Mackoff Kellogg settlement agreement. *Id. at 17-18.* They argue that the fraud and misrepresentation claims fail because: (1) neither Defendant prepared the Deed of Trust, so did not make a representation to form the basis for these claims; (2) even if they did make representations regarding Stillwater's ability and authority to act

as Trustee, those representations are true; and (3) Noe's affidavit was procured by Paatalo for purposes of determining whether Stillwater claimed an interest in the Deed of Trust, therefore representations regarding Stillwater's legal identity were immaterial. *Id. at 19-23*. They argue that the libel claim fails because neither Defendant prepared the Notice of Trustee's Sale, and neither was involved in the foreclosure process, and even if they were, statements made in a notice of trustee's sale are privileged communications. *Id. at 24-25*. Finally, these Defendants argue that the FDCPA claim fails because: (1) Paatalo has not alleged that Stillwater and Noe made attempts to collect a debt from him; (2) Stillwater and Noe claimed no interest in the property, as evidenced by Noe's affidavit; and (3) res judicata bars Paatalo from relitigating this claim. *Id. at 25-27*.

In response, Paatalo argues: (1) Stillwater and Noe's contradictory defenses create issues of material fact barring summary judgment, *ECF 37 at 3*; (2) Stillwater is a stranger to this action, therefore the Court should reject its motion and brief, *id. at 4-6*; (3) the motion filed by Stillwater and Noe violates Local Rule 56.1(a) because they failed to file a separate statement of undisputed facts, *id. at 5*; and

(4) Stillwater and Noe may not argue that Paatalo's claims are barred by res judicata because they did not plead this theory as an affirmative defense in their answer, *id. at 6.*

## B.    **Summary Judgment Standard**

Fed. R. Civ. P. 56(a) requires the court to grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the parties file cross-motions for summary judgment, the court must consider each party's evidence, regardless under which motion the evidence is offered. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. A moving party without the ultimate burden of persuasion at trial has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citation omitted).

## C.  Discussion

As with the other Defendants, all claims against Stillwater and Noe are fundamentally premised on either the invalidity of the Deed of Trust or the binding nature of the Mackoff Kellogg settlement agreement. Paatalo may not relitigate these issues through the guise of the claims pled against Stillwater and Noe. For the reasons stated in *Section III, supra*, all claims against these Defendants are barred by

issue preclusion, and Stillwater and Noe's motion for summary judgment should be granted on this basis.

Nonetheless, the Court has given close consideration to the claims against Stillwater and Noe in light of the fact that they were not named as defendants in *Paatalo I*. So doing, even assuming Paatalo's claims against these Defendants were not precluded by res judicata, the Court concludes, as explained below, that Stillwater and Noe's motion for summary judgment should be granted.

## 1. <u>Breach of Contract Claims</u>

Paatalo's breach of contract and breach of the implied covenant of good faith and fair dealing claims against Stillwater and Noe fail as a matter of law. These claims are based on an alleged breach of Paatalo's settlement agreement with Mackoff Kellogg. But it is undisputed that neither Stillwater nor Noe were parties to the agreement. *See Settlement Agreement (ECF1-1) at 67.* Paatalo raises no issue of material fact in this regard. The undisputed fact that neither Stillwater nor Noe were party to the settlement agreement requires summary judgment on Paatalo's breach of contract claims. *See Gruender v. Rosell*, 2010 WL 2079759 (D. Ariz. 2010) ("It would be a

novel holding for the [C]ourt to rule that a breach of contract action can be maintained against a person who is not a party to the contract being sued upon") (citation omitted); *see also Credit Gen. Ins. Co. v. Midwest Indemnity Corp.*, 916 F.Supp. 766, 772 (N.D. Ill. 1996) (finding such a claim to be "ludicrous"). The Defendants' motion should be granted as to these claims.

### 2. Fraud, Constructive Fraud, Negligent Misrepresentation

To establish liability for fraud or negligent misrepresentation, Paatalo must show that either Stillwater or Noe made a representation as to a past or existing material fact, and that such representation was untrue. *See In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005) (elements of fraud), *Harpole v. Powell Cnty. Title Co.*, 309 P.3d 34, 38 (Mont. 2013) (elements of negligent misrepresentation). For constructive fraud, Paatalo must similarly show that Stillwater or Noe somehow misled him to his prejudice. *See* MCA § 28-2-406(1) ("Constructive fraud consists of ... any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under the person in fault by misleading another person to that person's prejudice or to the prejudice of anyone claiming

under that person").

Paatalo's claims for fraud, constructive fraud, and negligent misrepresentation fail to the extent he contends that either Stillwater or Noe may be held liable for the misnomer of Stillwater's legal name on the Deed of Trust. Noe states in her affidavit that neither she nor Stillwater drafted the Deed of Trust, and neither were involved in the negotiation of the Note, loan, or Deed of Trust. *Aff. Noe (ECF 29-1) at ¶ 4*. Noe further states that Stillwater was named Trustee without her knowledge. *Id*. These facts are undisputed by Paatalo. Because the undisputed facts indicate that these Defendants did not make the representation on the Deed of Trust, and did not otherwise have contact with Paatalo regarding the formation of Deed of Trust, Paatalo's claims fail in this regard as a matter of law.

Paatalo's claims also fail to the extent he contends Noe misrepresented Stillwater's legal status, Stillwater's licence as a title insurance producer, or Stillwater's authority to act as Trustee for the Deed of Trust. To establish fraud, constructive fraud, or negligent misrepresentation, Paatalo must show that these representations were untrue. But the undisputed facts reveal that these statements were

not untrue.  Both Noe's affidavit and a print out of a business entity search from the Montana Secretary of State's website indicate that Stillwater was incorporated on October 19, 1959.  *ECF 29-1 at ¶ 2; ECF 29-1 at 8.*  Defendants have also submitted copies of certificates indicating that Stillwater was licensed as an insurance producer from 2007 through 2013.  *See ECF 29-1 at 9.*  Paatalo points to no relevant evidence indicating that Stillwater was not a corporation in good standing that held a license as a title insurance producer at all times relevant.  Thus, any representations made by these Defendants as to Stillwater's capacity to act as Trustee cannot amount to fraud or negligent misrepresentation, nor may they be considered "misleading" to form the basis for constructive fraud.

The material undisputed facts indicate that neither Stillwater nor Noe made a false representation to form the basis for Paatalo's fraud, constructive fraud, and negligent misrepresentation claims.  Stillwater and Noe's motion for summary judgment on these claims should be granted.

### 3.    Libel and Violation of the FDCPA

Finally, Paatalo's claims for Libel and Violation of the FDCPA

against these Defendants fail as a matter of law. The Court has determined that, as to Chase and U.S. Bank, these claims are precluded by res judicata under Rule 12(b)(6) standards. *See Section III(C)(2), supra*. The same analysis applies to Stillwater and Noe under Rule 56. Paatalo's claims for libel and violation of the FDCPA are an improper attempt to relitigate the enforceability of the Note and Deed of Trust that was settled in *Paatalo I*, and thus are precluded. The Defendants' motion should be granted as to these claims.

Based on the foregoing, Stillwater and Noe's motion for summary judgment should be granted as to all claims against them.

## VI. <u>PAATALO'S MOTION FOR SUMMARY JUDGMENT</u>

### A. <u>Parties' Arguments</u>

Paatalo's summary judgment motion seeks: (1) declaratory relief that the Deed of Trust is void *ab initio*; and (2) partial summary judgment on his negligent misrepresentation claim against Stillwater and Noe. Paatalo argues that he is entitled to summary judgment declaring the Deed of Trust void *ab initio* because Stillwater was not legally entitled to act as the original trustee. *ECF 18 at 8-11*. Paatalo contends that "Stillwater Abstract & Title" has never existed, and that

Noe did not register the assumed business name of "Stillwater Abstract & Title Company, Inc." until October 2013. *Id. at 11-13.* Paatalo argues that he is entitled to summary judgment on his negligent misrepresentation claim because: (1) Stillwater is incorrectly named on the Deed of Trust, which amounts to a negligent misrepresentation, and (2) Noe signed an affidavit containing representations respecting Stillwater's legal name and status as a title insurance producer, which Paatalo contends are false. Paatalo argues that he relied on these representations when he entered into the Deed of Trust, and has now been damaged as a result of the foreclosure and sale of his home. *ECF 18 at 13, 16.*

Stillwater and Noe argue: (1) this challenge to the Deed of Trust's validity is barred by issue preclusion, *ECF 29 at 10*; (2) the misnomer of Stillwater on the Deed of Trust is immaterial to its validity, *id. at 12*; (3) even if Stillwater were unable to act as Trustee for the Deed of Trust, any deficiency was cured when Charles Peterson of Mackoff Kellogg was substituted as Trustee, *id. at 14*; and (4) a deed of trust's failure to comply with Montana's Small Tract Financing Act ("STFA") does not void a deed of trust, but rather converts it to an enforceable

mortgage, *id.*

Chase and U.S. Bank also oppose Paatalo's motion to the extent he seeks declaratory judgment on the Deed of Trust's validity. Chase and U.S. Bank argue that Paatalo is not entitled to summary judgment because: (1) Stillwater was not the foreclosing trustee, *ECF 24 at 6*; (2) the misnomer on the Deed of Trust is immaterial to its validity, *id. at 8-9*; (3) the Trustee's Deed constitutes prima face evidence of compliance with Montana law, *id. at 11-13*; (4) a deed of trust's failure to comply with the STFA does not void a deed of trust, but rather converts it to an enforceable mortgage, *id. at 13-14*; and (5) Paatalo's challenge to the Deed of Trust's validity is barred by res judicata, *id. at 14-15*.

**B.    Summary Judgment Standard**

The summary judgment standard applicable to Paatalo's motion is the same as that applied to Stillwater and Noe's motion. *See Section V(B), supra.*

**C.    Discussion**

For the reasons stated in *Section V, supra*, in which the Court recommends granting Stillwater and Noe's motion for summary

judgment, Paatalo's motion for summary judgment on his negligent misrepresentation claim should be denied.

Paatalo's motion should also be denied to the extent he seeks declaratory relief voiding the Deed of Trust. As discussed at length above, these parties have already litigated the validity of the Deed of Trust in *Paatalo I*, and the Court there considered and rejected Paatalo's challenges to the Deed of Trust. For the reasons stated in *Section III, supra*, res judicata precludes Paatalo from bringing this additional challenge to the Deed of Trust's validity. For this reason alone, Paatalo is not entitled to the declaratory judgment he seeks, and his motion should be denied.

But even considering the specific grounds for the relief Paatalo seeks, his motion still fails. Lacking evidence to support his theory, Paatalo maintains that "Stillwater Abstract & Title" was an unregistered, separate entity and therefore not qualified to act as trustee. The Court rejects Paatalo's position. It is clear that Stillwater is the company named as the original Trustee on the Deed of Trust, and that "Stillwater Abstract & Title" refers, albeit without desired precision, to that company. There is no dispute that at the time the

Deed of Trust was executed, Stillwater was a corporation authorized to do business in Montana and licensed as an title insurance producer. *See ECF 29-1 at ¶ 2; ECF 29-1 at 8.* Under MCA § 71-1-306, Stillwater was qualified to act as a trustee of the Deed of Trust. Thus, even considering Paatalo's specific challenge to the Deed of Trust's validity, Paatalo's claim for declaratory relief fails.

For these reasons, Paatalo's motion for summary judgment should be denied in its entirety.

## VII. <u>CONCLUSION</u>

Based on the foregoing, **IT IS RECOMMENDED** that:

1. Chase and U.S. Bank's Motion to Dismiss *(ECF 10)* be GRANTED, and Paatalo's claims against Chase, U.S. Bank, and the 2007-OA3 Trust be dismissed with prejudice;

2. First American and Martinez's Motion to Dismiss *(ECF 13)* be GRANTED, and Paatalo's claims against them be dismissed with prejudice;

3. Paatalo's Motion for Partial Summary Judgment and Declaratory Relief *(ECF 17)* be DENIED; and

4. Stillwater and Noe's Motion for Summary Judgment *(ECF*

*27)* be GRANTED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 20th day of March, 2014.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge