IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM J. PAATALO, | CV-13-128-BLG-SEH-CSO |
| Plaintiff, | |
| vs. | **ORDER and FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| FIRST AMERICAN TITLE COMPANY OF MONTANA, INC., *et. al.*, | |
| Defendants. | |

## I.   INTRODUCTION

On March 20, 2014, this Court issued Findings and

Recommendations addressing various motions to dismiss and motions

for summary judgment.  *See Findings and Recommendations of U.S.

Magistrate Judge (ECF 55)*[1]. Judge Haddon adopted this Court's

recommendations in full, resulting in the dismissal of all claims against

J.P. Morgan Chase Bank, N.A. ("Chase"), U.S. Bank, N.A. ("U.S. Bank")

as Trustee for WaMu Mortgage Pass-Through Certificate Series 2007-

OA3 Trust ("2007-OA3 Trust"), First American Title Company of

_____

[1]"ECF" refers to the document as numbered in the Court's
Electronic Case Files.  *See The Bluebook, A Uniform System of Citation,
§ 10.8.3.*

Montana, Inc. ("First American"), Dalia Martinez ("Martinez"),

Stillwater Abstract Company d/b/a Stillwater Abstract & Title Co. Inc.

("Stillwater"), and Shelly Noe ("Noe").  *See Order Adopting F&R (ECF*

*62).*  Accordingly, the only defendants remaining in the case are the

Mackoff Kellogg Law Firm – Charles J. Peterson ("Mackoff Kellogg")

and Jason J. Henderson ("Henderson").

Now pending is Mackoff Kellogg's and Henderson's joint motion to

dismiss for failure to state a claim.  *ECF 56.*  Also pending are Paatalo's

Motion and Request for Judicial Notice (*ECF 57*) and Motion for

Extension to File Notice of Appeal (*ECF 71*).  Having considered the

parties' arguments and submissions, the Court rules as follows.

## II.  <u>BACKGROUND</u>

In the Court's March 20, 2014 Findings and Recommendations,

the Court reviewed the background facts pertinent to the pending

motions.  *See ECF 55 at 2-8.*  The Court will not repeat those facts here

except as necessary to explain this ruling.

## III.  <u>PARTIES' ARGUMENTS</u>

Mackoff Kellogg and Henderson argue that all of Paatalo's claims

against them fail to state a claim upon which relief may be granted.

They first argue that the breach of contract and breach of the implied covenant claims fail because it is clear that neither Mackoff Kellogg nor Henderson breached the Settlement Agreement. *ECF 56-1 at 6.* They argue that the Settlement Agreement only bound Paatalo and Mackoff Kellogg, and any action taken by a party not subject to the agreement cannot constitute a breach. *Id. at 6-7.*

Second, Defendants argue that the fraud, constructive fraud, and negligent misrepresentation claims fail because Paatalo has not met the pleading requirements of such claims. Additionally, Mackoff Kellogg argues that it did not make a representation that it had the capacity to bind any other Defendant. *Id. at 8.* They argue that Mackoff Kellogg used the name "Mackoff Kellogg Law Firm – Charles J. Peterson as successor Trustee to WAMU Mortgage Pass-Through Certificate Series 2007-OA3 Trust" in the Settlement Agreement because that was the precise name of the entity that Paatalo named in his Complaint in *Paatalo I (CV 10-119-BLG-RFC-CSO).* Mackoff Kellogg argues that it never acted as trustee of the 2007-OA3 Trust, but instead used the name above to avoid confusion and ensure that the proper entity was dismissed from *Paatalo I* pursuant to the Settlement

Agreement. *Id. at 10.* Defendants further argue that they owed no duty to Paatalo that could form a basis for constructive fraud or negligent misrepresentation claims. *Id. at 12-13.*

Third, Defendants argue that the FDCPA claim fails because Mackoff Kellogg was not acting as trustee of Paatalo's Deed of Trust at the time of the foreclosure proceedings, and therefore it did not take any action as trustee to enforce the debt Paatalo owed on the Note. *Id. at 15.* Defendants also argue that any involvement in collection efforts by them as legal counsel for others was not improper because the Settlement Agreement did not absolve Paatalo of his obligation under the Note. *Id.*

Respecting the breach of contract and breach of the implied covenant claims, Paatalo continues to maintain that the Settlement Agreement with Mackoff Kellogg bound all other Defendants in the prior action, and therefore any attempt to foreclose on his home constitutes a breach of that contract. *ECF 66 at 6-10.* Respecting the fraud, constructive fraud, and negligent misrepresentation claims, Paatalo contends that Mackoff Kellogg intentionally misrepresented that it was the trustee of the 2007-OA3 Trust, the beneficiary of his

Deed of Trust, and that he justifiably relied on this representation to his detriment. *Id. at 10-12.* Finally, respecting the FDCPA claim, Paatalo argues that Mackoff Kellogg and Henderson acted as legal counsel for both First American and U.S. Bank, and therefore may be held liable for their actions in attempting to collect a debt that Paatalo contends no longer existed. *Id. at 13-14.*

## IV.  LEGAL STANDARD

A cause of action may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  In addressing a Rule 12(b)(6) challenge, the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  The Court is not, however, required to accept as true allegations that contradict exhibits attached to the complaint or allegations that are merely conclusory, unwarranted deductions of fact,

or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2) which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting Rule 8). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

As a general rule "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The Court may, however, consider "material which is properly submitted as part of the complaint[,]" or take judicial notice of "matters of public record" without converting a motion to dismiss to a motion for summary judgment. *Id.*, 250 F.3d at 688–89. Specifically, the Court

may take judicial notice of other court proceedings. *Duckett v. Godinez*,
67 F.3d 734, 741 (9th Cir. 1995), and *Emrich v. Touche Ross & Co.*, 846
F.2d 1190, 1198 (9th Cir. 1988); *see also Burbank– Glendale– Pasadena
Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.
1998) (allowing judicial notice of pleadings in other cases).

## V. <u>DISCUSSION</u>

Paatalo's claims against Mackoff Kellogg and Henderson are:

<u>Count 1</u> – Breach of Contract;
<u>Count 2</u> – Breach of the Implied Covenant of Good Faith and Fair
    Dealing;
<u>Count 3</u> – Actual Fraud;
<u>Count 4</u> – Constructive Fraud;
<u>Count 5</u> –  Negligent Misrepresentation; and
<u>Count 7</u> – Violation of the Fair Debt Collection Practices Act
    ("FDCPA").

*See Amend. Cmplt (ECF 1-1 at 13-25).* The Court considers each in
turn.

### A. <u>Breach of Contract, Breach of Implied Covenant</u>

Paatalo's claims for Breach of Contract and Breach of the Implied
Covenant of Good Faith and Fair Dealing against Mackoff Kellogg and
Henderson fail as a matter of law. First, the claims fail against
Henderson because Henderson was not a party to the contract, and
therefore may not be held liable for breach. *See Gruender v. Rosell*,

2010 WL 2079759 (D. Ariz. 2010) ("It would be a novel holding for the [C]ourt to rule that a breach of contract action can be maintained against a person who is not a party to the contract being sued upon") (citation omitted); *see also Credit Gen. Ins. Co. v. Midwest Indemnity Corp.*, 916 F.Supp. 766, 772 (N.D. Ill. 1996).

Mackoff Kellogg and Paatalo were the parties to the Settlement Agreement. The purpose of the Agreement was to "detail the terms of the settlement reached by the parties." *ECF 1-1 at 67.* The "Settlement Terms" section of the Agreement provided that: (1) Mackoff Kellogg agreed to pay $6,000 to Paatalo; (2) Paatalo agreed to release "all claims" against Mackoff Kellogg; and (3) Paatalo agreed to dismiss Mackoff Kellogg with prejudice from the then-pending *Paatalo I* lawsuit. *Id.* The Agreement also contains a "Mutual Release of All Claims", wherein the parties agreed to "release, discharge, waive and covenant not to sue upon any and all claims, causes of action, and liabilities, asserted or unasserted, alleged or which could have been alleged in the above proceedings." *Id. at 67-68.*

Paatalo does not contend that Mackoff Kellogg failed to pay him the $6,000 as provided in the Agreement, but instead argues that

Mackoff Kellogg breached the mutual release of claims clause by participating in the foreclosure of his home. This breach-of-contract contention fails.

Subsequent to Mackoff Kellogg's dismissal from *Paatalo I*, and prior to any further foreclosure action on Paatalo's property, First American Title Company of Montana, Inc. was substituted as trustee of the Deed of Trust. *See Substitution of Trustee (ECF 1-1 at 79)*. First American, not Mackoff Kellogg, filed the Notice of Trustee's Sale that led to the sale of Paatalo's property. To the extent Paatalo argues that Mackoff Kellogg may be held liable for the foreclosure actions taken by other Defendants, his claims fail. This issue has already been litigated by these parties and resolved by this Court, and is therefore barred.

In *Paatalo I*, this Court held that the Settlement Agreement bound only Mackoff Kellogg and Paatalo. *See Paatalo I Order (ECF 11-2) at 32*. In this action, the Court has determined that Paatalo's renewed attempts to enforce the Settlement Agreement against the other Defendants is therefore barred by res judicata. *See F&R (ECF 55); Order Adopting F&R (ECF 62)*. The same authority and analysis applies with equal force here.

"Under the doctrine of res judicata, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' even if that judgment 'may have been wrong or rested on a legal principle subsequently overruled in another case.'" *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "[A] party is precluded from relitigating an issue if four requirements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010). All four elements of res judicata apply to preclude Paatalo from relitigating this issue.

Paatalo's claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Mackoff Kellogg and Henderson fail as a matter of law, and should be dismissed. Paatalo's bare requests in his brief for leave to amend these claims should be denied for failure to cite authority or factual circumstances warranting

leave to amend.  There is no reason to believe that Paatalo's claims could be saved by amendment.

### B.   Fraud, Constructive Fraud, Negligent Misrepresentation

Fraud claims are subject to a heightened pleading standard.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Federal Rule 9(b)'s particularity requirement applies to state-law causes of action.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Federal courts examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, but apply Rule 9(b)'s requirement that the circumstances of the fraud be stated with particularity.  *See id*.  This requirement applies not only to claims of fraud but also other claims "grounded in fraud."  *Id*. at 1104; *see also Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*, 965 F. Supp. 2d 1141, 1152 (E.D. Cal. 2013) (constructive fraud subject to Rule 9(b)), *Olenicoff v. UBS AG*, 2009 WL 481281 (C.D. Cal. 2009) (negligent misrepresentation claim subject to Rule 9(b)); *Stickrath v. Globaistar, Inc.,* 527 F.Supp.2d 992, 998 (N.C. Cal. 2007) (non-fraudulent conduct allegations subject to

heightened pleading requirements of Rule 9(b) when the allegations are based on a "unified course of fraudulent conduct")..

"Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and quotation marks omitted). The Rule serves three purposes: "(1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Kearns*, 567 F.3d at 1125 (internal quotations omitted).

To meet Rule 9(b)'s particularity standard, Paatalo's complaint must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*,

726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted).

Despite the higher degree of notice required when alleging fraud, Rule 9 does not abrogate the Rule 8 notice pleading standard – the two rules must be read together. *See Novak v. Anaconda Sch. Dist., Sch. Dist. No. 10, Deer Lodge Cnty.*, 2011 WL 2489760 at *8 (D. Mont. 2011), *report and recommendation adopted*, 2011 WL 2472570 (D. Mont. 2011) (citing *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009)). And, under Rule 12(b)(6), Defendants retain the burden of proving that Paatalo has failed to state his fraud claims. *Id.*

A federal court looks to state law to see whether the elements of fraud have been pled sufficiently. *Kearns*, 567 F.3d at 1125. Under Montana law, Paatalo must particularly plead the following nine elements to properly state a fraud claim: (1) a representation; (2) the falsity of the representation; (3) its materiality; (4) Defendants' knowledge of its falsity or ignorance of its truth; (5) Defendants' intent that it should be relied on; (6) Paatalo's ignorance of the falsity of the representation; (7) Paatalo's reliance on the representation; (8)Paatalo's right to rely on the representation; and (9) consequent and proximate injury caused by reliance on the representation. *C. Haydon*

*Ltd. v. Montana Min. Properties, Inc.*, 864 P.2d 1253, 1256 (Mont. 1993).

For negligent misrepresentation, Paatalo must plead: (1) Defendants made a representation as to a past or existing material fact; (2) the representation was untrue; (3) regardless of actual belief, Defendants made the representation without any reasonable ground for believing it to be true; (4) the representation was made with the intent to induce Paatalo to rely on it; (5) Paatalo was unaware of the falsity of the representation, acted in reliance upon the truth of the representation, and was justified in relying upon the representation; and (6) Paatalo, as a result of his reliance, sustained damage. *Harpole v. Powell Cnty. Title Co.*, 309 P.3d 34, 38 (Mont. 2013).

Finally, for constructive fraud, Paatalo must plead "any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under the person in fault by misleading another person to that person's prejudice or to the prejudice of anyone claiming under that person[.]" MCA § 28-2-406(1). "The presence of a legal duty is an essential element of a claim for constructive fraud." *Harris v. St. Vincent Healthcare*, 305 P.3d 852, 858

(Mont. 2013) (citation omitted).  As to the legal duty owed, the Montana

Supreme Court has stated:

> Whether or not a legal duty exists is a question of law for the
> court's determination.  Although the legal duty which often exists
> in constructive fraud cases is a fiduciary one, this Court has
> previously held that Montana's constructive fraud statute "does
> not require that the plaintiff demonstrate a fiduciary relationship,
> [but] merely requires the establishment of a duty."  Under certain
> "special circumstances," neither a confidential nor a fiduciary
> relationship is necessary for a finding of constructive fraud.  This
> Court has held special circumstances may exist where one party
> has acted to mislead the other in some way.

*Mattingly v. First Bank of Lincoln*, 947 P.2d 66, 72 (Mont. 1997)

(internal citations omitted).

On this Rule 12(b)(6) motion to dismiss, the Court is required to

take all material allegations in the complaint as true, and construe all

reasonable inferences in Paatalo's favor.  *Rouse v. U.S. Dep't of State*,

567 F.3d 408, 414 (9th Cir. 2009).  And, as Paatalo is proceeding pro se,

his pleadings are to be construed liberally.  *See Jackson v. Barnes*, No.

09-55763 at 15 (9th Cir. April 15, 2014) (acknowledging that plaintiff

"must plead enough facts to state a claim to relief that is plausible on

its face[,]" but noting that "we continue to construe *pro se* filings

liberally when evaluating them under *Iqbal*[.]") (citation and quotation

marks omitted).

Taking Paatalo's allegations as true, and bearing in mind both the heightened standard for pleading allegations of fraud and the policy of liberally construing pro se pleadings, the Court finds that Paatalo has stated claims for fraud, constructive fraud, or negligent misrepresentation.

For his fraud claim, Paatalo alleges that Defendants knowingly made false representations that Mackoff Kellogg was the trustee for the 2007-OA3 Trust, *ECF 1-1 at 17, ¶ 73*, that Defendants made these false representations to induce him to enter into the Settlement Agreement, *id. at 18, ¶ 76*, that he relied on these false representations, had no way to know they were false, and was entitled to rely on them, *id. at 18, ¶¶ 77-79*, and that he was damaged as a result, *id. at 19, ¶ 85*.  In his general allegations, Paatalo alleges that Henderson, in executing the Settlement Contract on behalf of Mackoff Kellogg, represented that he had the power to bind the 2007-OA3 Trust.  *Id. at 6, ¶ 22*.  These allegations identify the "who, what, where, when, and how" of the misconduct charged to sufficiently state a claim for fraud, constructive fraud, and negligent misrepresentation.

The Settlement Agreement itself identifies Mackoff Kellogg as

"Mackoff Kellogg Law Firm - Charles J. Peterson as Successor Trustee to WAMU Mortgage Pass-Through Certificate Series 2007-OA3 Trust[.]" *ECF 1-1 at 67.* Mackoff Kellogg does not dispute that it drafted the Settlement Agreement and acknowledges that it was not the successor trustee to the WAMU Trust as represented. In its brief, Mackoff Kellogg explains that it used that specific name because it wanted to mirror the name Paatalo used in the *Paatalo I* complaint to ensure it was properly dismissed from the prior lawsuit. But this unsworn alternate explanation of Mackoff Kellogg's motive does not override the allegations in the complaint, which, under a motion to dismiss, must be taken as true.

Paatalo's claims for fraud, constructive fraud, and negligent misrepresentation against Mackoff Kellogg and Henderson survive dismissal under Rule 12(b)(6). Defendants' motion to dismiss should be denied as to these claims.

### C. <u>Violation of FDCPA</u>

Paatalo's claim for violation of the FDCPA against Mackoff Kellogg and Henderson alleges simply that the Defendants "violated the FDCPA by attempting to collect a debt that [Paatalo] did not owe."

*Id at 25.* This claim fails as a matter of law.

As noted above, the issue of the enforceability of the Note and Deed of Trust was resolved in *Paatalo I.* Recognizing that the "fundamental premise of most of Paatalo's claims is his contention that Defendants had no legal right to initiate a non-judicial foreclosure[,]" the Court in *Paatalo I* found both the Note and Deed of Trust enforceable. *ECF 11-2 at 12, 19.* In reaching this finding, the Court considered and rejected Paatalo's numerous challenges to the Note's enforceability, including: (1) the validity of Paatalo's signature, (2) the split ownership of the Note and Deed of Trust, and (3) the validity of the various assignments, purchase agreements, and pooling or servicing agreements (finding that Paatalo lacked standing to challenge these transactions). *Id. at 15-19.*

Because the Court previously determined that Paatalo's debt was due and owing, Paatalo may not maintain a cause of action claiming that Defendants violated the FDCPA by proceeding to foreclose such debt. These claims against Mackoff Kellogg and Henderson fail as a matter of law.

## VI.  PAATALO'S REQUEST FOR JUDICIAL NOTICE

Paatalo requests the Court take judicial notice of a press release copied from the Internet *(ECF 57-1)* and an uncertified, unverified 14-page document *(ECF 57-2)*.  The latter document does not itself reveal its source or authorship.

The Court will deny Paatalo's request for judicial notice at this time because Paatalo does not explain how the materials qualify under Fed.R.Evid. 201(b), or how these materials are pertinent to any issue now before the Court.

## VII. MOTION TO EXTENSION TO FILE NOTICE OF APPEAL

Paatalo has filed a two-sentence motion seeking a 30-day extension of time to file a notice of appeal.  He does not explain what he intends to appeal.

Federal appellate courts generally have jurisdiction only over appeals from "final decisions" of federal district courts.  *See* 28 U.S.C. § 1291.  Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a "final" order for purposes of appeal under 28 U.S.C. § 1291.  There has been no final decision entered in this case.  For this reason, the motion, although

unopposed, will be denied.

## VIII. <u>CONCLUSION</u>

Based on the foregoing, **IT IS ORDERED** that Paatalo's Motion and Request for Judicial Notice *(ECF 57)* and Motion for Extension of Time to File Notice of Appeal *(ECF 71)* are DENIED.

Furthermore, **IT IS RECOMMENDED** that:

1.      Mackoff Kellogg and Henderson's Motion to Dismiss *(ECF 56)* be **GRANTED** as to Paatalo's claims for Breach of Contract (Court 1), Breach of the Implied Covenant of Good Faith and Fair Dealing (Court 2), and Violation of the FDCPA (Count 7), and such claims be dismissed with prejudice; and

2.      Mackoff Kellogg and Henderson's Motion to Dismiss be **DENIED** as to Paatalo's claims for Fraud (Court 3), Constructive Fraud (Court 4), and Negligent Misrepresentation (Count 5).

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of these Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the Findings Recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 14th day of May, 2014.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge